An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANDREW D. TAYLOR, BAR NO. 8688.

No. 69019

**FILED**

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Andrew Taylor. Under the agreement, Taylor admitted to violations of RPC 1.5 (fees), RPC 1.7 (conflict of interest, current client), RPC 1.15 (safekeeping property), RPC 4.1 (truthfulness in statements to others), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 7.2(k) (advertising), RPC 7.3 (communication with prospective clients), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The agreement provides for an 18-month stayed suspension, a 120-day actual suspension, and a 2-year probationary period with the following conditions: that Taylor (1) stay out of trouble and not receive any grievances resulting in actual discipline; (2) obtain a mentor who practices in the area of personal injury to monitor his active cases and ensure that (a) his cases are properly filed and calendared, and clients are advised and (b) he has a proper accounting system in place and to review his trust account and provide quarterly reports to bar counsel; (3) complete paying restitution ($782.77 to client Gary King); (4) submit a quarterly report to

15-39535

bar counsel updating his place of employment, areas of practice, caseload, restitution payments, and any issues that may have developed; (5) take and pass the Multistate Professional Responsibility Exam (MPRE) within one year after the plea is approved; and (6) pay the actual costs of the disciplinary proceedings, excluding bar counsel and staff salaries.

Considering the duties violated, Taylor's mental state, the injury caused by Taylor's misconduct, the aggravating factors (dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the law), and mitigating factors (absence of prior disciplinary record, timely good faith effort to make restitution or rectify consequences, full and free disclosure to disciplinary authority or cooperative attitude, delay in disciplinary proceedings in relation to the misconduct, and remorse), *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), the agreed-upon discipline recommended by the hearing panel is sufficient to serve the purpose of attorney discipline. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). We therefore conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

We hereby impose an 18-month stayed suspension, a 120-day actual suspension, and a 2-year probationary period commencing from the date of this order. Taylor must comply with all of the conditions in the plea agreement, as outlined above, and shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days from the date of this order. The parties shall comply with the

relevant provisions of SCR 115 and 121.1

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

DOUGLAS, SAITTA, and PICKERING, JJ., dissenting:

We would *reject* the conditional guilty plea agreement because the agreed-upon discipline is not sufficient. In our view, an actual suspension of at least six months is appropriate considering the relevant factors.

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
Lipson Neilson Cole Seltzer & Garin, P.C.
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court